### No. 80SA90

**Barbara Celestine v. The District Court for the Fourth Judicial District, State of Colorado, Division 6, the Honorable Hunter D. Hardeman, District Judge**

(610 P.2d 1342)

Decided May 19, 1980.

J. Gregory Walta, State Public Defender, Kenneth Dresner, Deputy, for petitioner.

Hunter D. Hardeman, District Judge, pro se.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

A petition for a writ of mandamus was sought after the defendant was denied a preliminary hearing. We issued a rule to show cause and now make that rule absolute.

The defendant, Barbara Celestine, was charged with child abuse. *See* sections 18-6-401(1) and (7), C.R.S. 1973 (now in 1978 Repl. Vol. 8). Thereafter, she requested a preliminary hearing pursuant to Crim. P. 7(h)(1) and section 16-5-301, C.R.S. 1973 (now in 1978 Repl. Vol. 8). On the date scheduled for the hearing, the matter was continued on the basis of a plea agreement which called for the defendant to make an application for deferred sentencing. *See* section 16-7-403, C.R.S. 1973 (now in 1978 Repl. Vol. 8). The application for deferred sentencing was made, but after the probation report was completed, the trial judge refused to accept the application for deferred sentencing.

Defense counsel then renewed his request for a preliminary hearing. The trial judge rejected the request on the grounds that the application for deferred sentencing constituted a waiver of the defendant's right to a preliminary hearing. The record does not establish that a preliminary hearing was waived. The application for deferred sentencing does not constitute waiver of the right to a preliminary hearing.

Accordingly, the rule to show cause is made absolute and the case is remanded for further proceedings consistent with this opinion.